IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Lucius Simuel, | ) | C.A. No. 2:23-1447-HMH-MGB |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Warden Levern Cohen, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's pro se motion to alter or amend judgment pursuant to Rule 59(e) and motion to reconsider pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. On November 28, 2023, Magistrate Judge Baker recommended that this court grant Respondent's motion for summary judgment. (R&R, generally, ECF No. 23.) Petitioner timely filed objections to the Report and Recommendation. (Objs., generally, ECF No. 25.)[1] After consideration, on December 20, 2023, the court adopted the Report and Recommendation, granted Respondent's motion for summary judgment, and dismissed this case. (Order, ECF No. 26.) Subsequently, Petitioner filed the instant motion to alter or amend and for reconsideration. (Mot. Alter or Amend/Reconsid., ECF No 29.)

A motion to alter or amend the judgment under Rule 59(e) may be made on three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

1

evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment . . . ." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "In general reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal citation and quotation marks omitted).

Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." Compton v. Alton S.S. Co., 608 F.2d 96, 101-02 (4th Cir. 1979) (internal quotation marks omitted). "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Id. at 102. Rule 60(b) "does not authorize a motion merely for reconsideration of a legal issue." United States v. Williams, 674 F.2d 310, 312 (4th Cir. 1982). "Where the motion is nothing more than a request that the district court change its mind . . . it is not authorized by Rule 60(b)." Id. at 313.

Upon review, Petitioner's motion fails to identify any intervening change in controlling law, new evidence, or clear error of law. Further, Petitioner has failed to show any exceptional circumstances. Based on the foregoing, Petitioner's motion is denied.

**ORDERED** that Petitioner's motion to alter or amend pursuant to Rule 59(e) and for reconsideration pursuant to Rule 60(b), docket number 29, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Petitioner has failed to

make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
January 9, 2024

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.